UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VERNON GOODLOW (#93838)            CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                   NO. 13-0717-JJB-RLB

## TRANSFER ORDER

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Vernon Goodlow, challenges his 1997 conviction and sentence, entered on a charge of attempted aggravated rape and enhanced by a multiple offender adjudication in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana. The petitioner's application sets forth no grounds for habeas corpus relief but merely asserts that there will be a "memorandum forthcoming" that will provide the proposed grounds for relief.

A review of this Court's records reflects that the petitioner has previously pursued federal habeas corpus relief in this District, in Civil Action No. 05-1436-JJB-CN, *Vernon Goodlow v. Burl Cain, et al.*, attacking the same conviction which is at issue in this matter. Moreover, the petitioner's application in that earlier federal habeas corpus proceeding was denied in July, 2006, upon a finding by the Court that the petitioner's application was untimely. That determination was upheld in the United States Court of Appeals for the Fifth Circuit by Mandate issued June 28, 2007. Thus, this Court finds that the present application is in the nature of a successive petition for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b).[1]

---

1. A dismissal of a previous habeas corpus application as time-barred counts as an adjudication on the merits for the purpose of determining whether a subsequently-filed habeas corpus

Section 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus, this Court cannot consider the instant habeas corpus petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. Accordingly,

**IT IS ORDERED** that the instant petition be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application.

**IT IS FURTHER ORDERED** that the instant petition be and it is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, in order that that Court may determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court. *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**IT IS FURTHER ORDERED** that the petitioner's Motion to Proceed In Forma Pauperis (Rec. Doc. 2) be and it is hereby **DEFERRED**, pending authorization from the Fifth Circuit to proceed with the instant habeas corpus application.

Baton Rouge, Louisiana, this 18th day of November, 2013.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

---

application is successive. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).